## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

RETAIL PHARMACY MANAGEMENT )
SERVICES, INC., an Oklahoma )
Corporation )
                    )
          Plaintiff, )
                    )     Case No. CIV 10-496-FHS
v. )
                    )
                    )
SMART-FILL MANAGEMENT GROUP, )
INC., a Minnesota Corporation )
                    )
          Defendant. )

## DEFENDANT'S ANSWER

Defendant, Smart-Fill Management Group, Inc. ("Smart-Fill"), for its Answer to Plaintiff Retail Pharmacy Management Services, Inc.'s ("RPMS") Petition,[1] states as follows:

## ANSWER

1.       Smart-Fill admits the allegations contained in paragraph 1.

2.       Smart-Fill admits that, pursuant to paragraph 17 of the Agreement, venue and jurisdiction to commence an action to enforce the Agreement is proper in the District Court of Marshall County.  Smart-Fill denies, pursuant to the argument set forth in its Notice of Removal, that it waived its right to remove this action commenced in the District Court of Marshall County to the United States District Court for the Eastern District of Oklahoma.

---

[1] Plaintiff's Petition was removed to this Court on December 27, 2010.

3.      Smart-Fill denies the allegations contained in paragraph 3.

4.      Smart-Fill denies the allegations contained in paragraph 4.

5.      Smart-Fill admits that Plaintiff has demanded payment of $149,600.00 from Smart-Fill.  Smart-Fill expressly denies that it owes any money to Plaintiff.

6.      Smart-Fill denies that Plaintiff is entitled to any of the relief requested by Plaintiff in its unnumbered prayer for relief.

7.      Smart-Fill reserves the right to add a counter-claim against Plaintiff if the documents produced in discovery so warrant asserting a counter-claim.

## AFFIRMATIVE DEFENSES[2]

1.      Smart-Fill provides a variety of vital services to a large and growing network of independent pharmacies that have banded together to improve purchasing power and overall operations. The flagship members of this network are 11 stores owned by Astrup Drug, Inc ("Astrup"), a company affiliated with Smart-Fill. The principals operating Astrup have decades of experience in the ever changing and competitive world of independent pharmacies.

2.      RPMS approached Smart-Fill since 2007 to facilitate the use of consulting services it provides to the member pharmacies of the Smart-Fill network. RPMS promised it could offer network members "substantial bottom line improvements" through use of its "Prescription Pricing System."  It promised that this "system" would offer "modern market strategies that maximize profit margins" while it also would allow

---

[2] These defenses do not constitute a list of strictly affirmative defenses.  By stating one or more non-affirmative defenses, Defendant does not waive any right to require that Plaintiff meet the burden of proof on those defenses.

6441561_1.DOC2

the member pharmacies to "remain competitive in the marketplace" and "utilize pharmacy computer systems to its fullest ability."  In particular CEO Andy Oaks ("Oaks") claimed he could improve member profit margins by 7% while allowing the stores to "remain competitive in the marketplace" (collectively the "Representations").

3.      Smart-Fill was understandably skeptical of the Prescription Pricing System since Oaks refused to disclose exactly how he could increase profit margins without losing business. Since the only way to test the truth of the representations was to have a trial use of the Prescription Pricing System, Smart-Fill entered into the Services Agreement of January 8, 2010, based on; 1) the six month termination right in the Performance Clause; 2) a plan that the first stores in which this touted Prescription Pricing System would be tested would be the Astrup owned pharmacies so the validity of the representations could be tested as an experiment before other Smart-Fill members could be offered the services.

4.      RPMS commenced its initial process of reviewing the financial information supplied by Astrup for several pharmacies. RPMS then offered several kinds of simple advice, the exact nature of which is arguably protected as confidential under the Services Agreement. It was immediately apparent to the experienced senior management of Astrup that the advice could not improve the margin of any Astrup pharmacy and that for all or virtually all of Smart-Fill's member pharmacies the Representations were false and that the management advice of RPMS was dangerously unsound for a pharmacy in the modern highly competitive world where cash sales are a small and shrinking part of their

6441561_1.DOC3

business. Smart-Fill promptly terminated the Services Agreement and paid the six month fee noted in the Performance Clause.

5.      RPMS's own conduct caused any alleged losses suffered by Plaintiff.

6.      RPMS is estopped from making the claims contained in its Petition.

7.      RPMS cannot claim equitable damages due to its unclean hands.

8.      When RPMS made the Representations it knew or should have known the Representations were false. Should it elect to do so, Smart-Fill is entitled to rescind the Services Agreement.

9.      Smart-Fill properly rejected the goods or services offered by Plaintiff as inadequate and not meeting Plaintiff's good-faith obligation or the agreed-upon standard. Thus, Smart-Fill does not owe any money to compensate Plaintiff for those rejected goods or services.

10.     Smart-Fill lawfully exercised its rights to terminate the Agreement after the initial six (6)-month trial period and does not owe Plaintiff any sum of money for goods or services provided after cancelation.

WHEREFORE, Smart-Fill prays that Plaintiff take nothing by way of its claim against Smart-Fill, that judgment be rendered in its favor against Plaintiff, and that it be awarded such additional relief as the Court deems just and proper.

6441561_1.DOC4

Respectfully submitted this 3rd day of January, 2011.

s/Joseph H. Bocock

Joseph H. Bocock, OBA No. 0906
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone:    (405) 235-9621
Facsimile:     (405) 235-0439
joe.bocock@mcafeetaft.com
**ATTORNEY FOR DEFENDANT**

5

6441561_1.DOC5

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2011, I electronically transmitted the attached

documents to the Clerk of Court using the ECF System for filing.  Based on the records

currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the

following ECF registrants:


Jeffrey S. Landgraf, Esq.
LITTLE, LITTLE, LITTLE, WINDEL, OLIVER,
 LANDGRAF & GALLAGHER, PLLC
jeff@littlelaw.com

**ATTORNEYS FOR PLAINTIFF**



_s/Joseph H. Bocock_
JOSEPH H. BOCOCK

6441561_1.DOC6