# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

RETAIL PHARMACY MANAGEMENT )
SERVICES, INC., )
      an Oklahoma Corporation, )
           Plaintiff, )
v. ) Case No. CIV 10-496-FHS
)
SMART-FILL MANAGEMENT GROUP, INC. )
      a Minnesota Corporation, )
           Defendant. )

## ORDER

Before the court for the its consideration is the Plaintiff's Retail Pharmacy Management Services, Inc.'s (RPMS) Motion to Remand and Supporting Brief (Doc. #11). In that motion, plaintiff argues this case should be remanded to state court because of a choice of venue clause found in the Service Agreement at issue. Defendant Smart-Fill Management Group, Inc, (Smart-Fill) argues that removal was proper because the forum selection clause in question allows for removal. Defendant has argued the language merely requires the case be brought in the respective state court, not maintained there. Defendant also argues plaintiff has waived or consented to the jurisdiction of this court by filing a Motion for a Jury Trial.

RPMS filed this action in the District Court of Marshall County, State of Oklahoma, against Smart-Fill on December 3, 2010. On December 27, 2010, Smart-Fill filed a Notice of Removal in the United States District Court for the Eastern District of Oklahoma, removing the action from the District Court of Marshall County, State of Oklahoma. The removal was based on diversity of

1

citizenship pursuant to 28 U.S.C. Sec. 1332.

The basis of this action involves an alleged breach of a Service Agreement (Agreement) entered into by the parties. The choice of venue provision in this agreement reads:

> Choice of Venue. The parties expressly agree that any legal action taken to construe, enforce, for breach, or in any way relating to or growing from this Agreement, shall be brought in the 20th Judicial District Court of Marshall County, Oklahoma.

Plaintiff argues the parties agreed that the sole court to resolve any conflict pursuant to the Service Agreement would be the 20th Judicial District Court of Marshall County, Oklahoma. As a result, removal to this court is improper.

The central issue before this court is whether the choice of venue clause in the Service Agreement waived the defendant's right to remove the case to this court. The court finds that it does. In <u>Excell, Inc. v. Sterling Boiler & Mechanical, Inc.</u>, 106 F.3d 318 (10th Cir. 1997), the parties had entered into a written agreement. The agreement at issue in that case contained the following clause:

> In the event that any dispute shall arise with regard to any provision or provisions of this Agreement, this Agreement shall be subject to, and shall be interpreted in accordance with, the laws of the State of Colorado. Jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado.

Plaintiff filed suit in the District Court of El Paso County, Colorado and defendant removed the case to federal court on the basis of diversity. Plaintiff moved to remand the case to state court based on the forum selection clause found above. In deciding the case, the Tenth Circuit Court of Appeals examined whether the

2

clause in question was mandatory or permissive. The court examined the language used in the clause itself. Id. at 321. The court stated that a mandatory forum selection clause "contains clear language showing that jurisdiction is appropriate only in the designated forum." Whereas a permissive clause authorizes jurisdiction in an designated forum but does not "prohibit litigation elsewhere". After reviewing the language in the designated clause the court found:

> Keeping in mind the mandatory/permissive dichotomy, and giving the language of the clause its plain meaning, we conclude the clause is mandatory and requires that any breach of contract action be brought and litigated in the District Court of El Paso, County, Colorado. Although Sterling argues the clause can be reasonably interpreted to allow removal of the case to federal district court that sit in El Paso County, we reject this argument. For federal court purposes, venue is not stated in terms of 'counties'. Rather, it is stated in terms of 'judicial districts.' Because the language of the clause refers only to a specific county, and not to a specific judicial district, we conclude venue is intended to lie only in state district court." Id. at 321.

The court went on to state "Because we conclude the language of the forum selection clause is clear and mandatory, the only way for defendant to avoid the effect of the clause is to demonstrate it is unfair and unreasonable." Id. The court found the defendant's argument that it had little time to review the language of the contract before signing was insufficient. The court found there was no evidence of "overreaching" by the plaintiff, evidence of unequal bargaining power, or that the forum chosen by the parties "would be a seriously inconvenient one for the trial of the particular action." Id. at 321. The court concluded the district court had properly remanded the case back to state court. Id. at 321.

This court has reviewed the language used in the choice of

venue clause in the Service Agreement at issue here and finds the language in question is clear and is mandatory. The clause states any action relating to a breach of the contract "shall be brought... in Marshall County, State of Oklahoma." Further, the clause cites to a specific Judicial District that does not contain a federal court. Defendant has argued the clause is ambiguous because it merely says the case must be brought in the district. Defendant argues the clause states nothing about the case bing maintained there. However, the court finds the mandatory nature of the language takes any ambiguity out of the clause. The clause clearly states any action shall be brought in Marshall County, State of Oklahoma. Defendant has not established that the clause is unreasonable or unfair as required by the <u>Excell</u> case. Defendant makes no argument that plaintiff was overreaching or that it had unequal bargaining power when negotiating the agreement. It merely argues its lawyer did not have an opportunity to review it before it was signed by their representative. Because the court finds the language in the choice of venue clause is mandatory, the court finds this case was improperly removed to this court.

Defendant has argued plaintiff waived it right to object or has in effect assented to the jurisdiction of this court when it filed its Motion for Jury trial on January 7, 2011. Plaintiff then filed the Motion to Remand on January 26, 2011. Plaintiff argues that Federal Rule of Civil Procedure 81 ( c ) requires a party filing a jury demand to do so within 14 days of the Notice of Removal of the action from state court. Plaintiff argues their action of filing the Motion for Jury trial is insufficient affirmative conduct to constitute a waiver or consent to this courts' assumption of jurisdiction. This court agrees. While the court is aware of the conflicting case law, this court finds that because of the timing conflict that parties face when a Notice of Removal is filed "it would be ludicrous to conclude the filing of a jury demand before

a remand motion constitutes acquiescence to the federal forum and a waiver of the right to remand an improperly removed case." Benjamin v. Natural Gas Pipeline Company of America, 793 F. Supp. 729, 732 (S.D. Tex. 1992). This court finds the filing of a jury demand before the filing of a motion to remand is not sufficient affirmative conduct to constitute an assent to this court's jurisdiction and does not constitute a waiver of plaintiff's right to object to the removal.

Accordingly, Plaintiff's Motion to Remand (Doc. #11 ) is hereby granted.

IT IS SO ORDERED this 24th day of March, 2011.

Frank H. Seay
United States District Judge